UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINDER MORGAN, INC. | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| SUNRISE FOODS | § | |
| INTERNATIONAL, INC. | § | ADMIRALTY |
| *Defendant* | § | Pursuant to Rule 9(h) of the |
| | § | Federal Rules of Civil Procedure |
| | § | |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff, Kinder Morgan, Inc., files this *Complaint* and respectfully represents as follows:

### I.  JURISDICTION AND VENUE

1. This is an action within this Court's admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and is designated as such pursuant to Fed. R. Civ. P. 9(h) as this action arises out of the Terminal Services Agreement, dated July 1, 2015 and executed August 5, 2015, ("TSA") and the Stevedoring and Terminalling Services Agreement Amendment, dated November 6, 2015 and executed November 10, 2015, ("Amendment") for the offloading of vessels, between Kinder Morgan, Inc. ("Kinder Morgan") and Sunrise Foods International, Inc. ("Sunrise"). (*See* TSA attached hereto as Exhibit A and Amendment attached hereto as Exhibit B.) This action is brought under General Maritime Law.

2. Alternatively, this is an action within this Court's diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because, as is set forth more fully below, the claims in this matter are between two entities that are not citizens of the same state, and the amount in controversy exceeds $75,000.00.

1

3. This Court has personal jurisdiction over both parties because this cause of action is brought pursuant to the TSA, within which contract Sunrise consented to personal jurisdiction in a federal court in a state in which Kinder Morgan is located, which includes the State of Texas. Therefore, this Court has personal jurisdiction.

4. Venue is proper in the Southern District of Texas because pursuant to the TSA, Sunrise consented to venue in this district as Kinder Morgan is located within this district. Therefore, venue is proper in the United States District Court for the Southern District of Texas, Houston Division.

## II.     PARTIES

5. Plaintiff, Kinder Morgan, is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Houston, Texas.

6. Defendant, Sunrise, is a foreign company organized and existing under the laws of the nation of Canada, with its principal place of business in Saskatoon, Saskatchewan, Canada.

## III.     FACTS

7. On August 5, 2015, Kinder Morgan entered into the TSA with Sunrise whereby Kinder Morgan agreed to offload corn from vessels at a Portland, Oregon terminal, as well as provide other related services to Sunrise. *See* TSA § 1A. Sunrise agreed to reimburse Kinder Morgan, within fifteen (15) days of receipt of invoices, for all defined charges, including charges for vessel unloading, labor, equipment, miscellaneous services, and other services. *See id.* at §§ D, 5A. On November 10, 2015, Kinder Morgan and Sunrise executed the Amendment to change the terminal location and add soybeans as an additional commodity that Kinder Morgan would

offload. *See* Exhibit B. Kinder Morgan did subsequently provide the services unloading the vessel and related services. Kinder Morgan invoiced Sunrise for the services as set forth below.

8. On May 26, 2016, Kinder Morgan demanded that Sunrise pay unpaid and due Invoice Number 102210273 in the amount of $991,587.48. Sunrise paid $581,230.33, leaving an unpaid balance of $410,357.15.

9. On June 2, 2016, Kinder Morgan sent Sunrise Invoice Number 102303283 in the amount of $37,838.96. Sunrise paid $37,538.96, leaving an unpaid balance of $300.00.

10. On July 12, 2016, Kinder Morgan sent Sunrise Invoice Number 102330553 in the amount of $71,354.26. Sunrise has not paid this invoice to date. The total amount due and owing to Kinder Morgan on these three invoices is $482,011.41.

11. Sunrise has also failed to pay any interest on the unpaid invoice, in violation of the TSA. *See* TSA § 5B.

12. Kinder Morgan has made demand for payment without success.

### IV.    CAUSES OF ACTION

**A.    Breach of Contract**

13. Kinder Morgan incorporates and reasserts the allegations contained in paragraphs 1 through 12 as if fully set forth herein and alleges as follows:

14. Kinder Morgan and Sunrise have a valid and enforceable Terminal Services Agreement and Amendment. *See id.*

15. Kinder Morgan performed all necessary conditions under the TSA.

16. Sunrise breached the TSA by failing to fully pay any of the three invoices within fifteen (15) days of receipt pursuant to the terms of the TSA. As of this date, Sunrise has failed to

pay any of these invoices in full and remains indebted to Kinder Morgan in the amount of $482,011.41 plus interest and costs incurred in prosecuting this lawsuit.

17. Sunrise has not paid the remaining amount owed for the services performed under the TSA and Amendment despite demand to do so.

## V.   DAMAGES

18. Sunrise's contractual breach entitles Kinder Morgan to at least $482,011.41, plus interest that continues to accrue and all costs and expenses incurred in prosecuting this lawsuit. Kinder Morgan reserves its right to amend and/or supplement the amount of damages to which it is entitled as additional information becomes available.

## VI.   ATTORNEYS' FEES

19. The TSA states that "a party prevailing on any issue in court shall be entitled to recover its reasonable attorney's [*sic*] fees and costs incurred in prosecuting or defending the issue." *See id.* at §19. Sunrise has failed to pay Invoice Numbers 102210273, 102303283, and 102330553 in full. Kinder Morgan has suffered damages as a result of the unpaid invoices and expenses, has made repeated demands for payment, and has filed and must prosecute this lawsuit. Thus, Kinder Morgan is entitled to reasonable and necessary attorneys' fees and costs related to this lawsuit.

## VII.   PRAYER

20. Kinder Morgan prays that Sunrise appears and answers this pleading, and that after all legal delays and proceedings had, this Court finds in favor of Kinder Morgan for Sunrise's contractual breach, reasonable and necessary attorneys' fees, pre-judgment interest in accordance with the TSA until the date of the judgment, post-judgment interest as allowed by law, all Court costs, and all other relief to which Kinder Morgan shows itself justly entitled.

Respectfully submitted,

*/s/ Thomas J. Smith*
Thomas J. Smith
  Federal I.D. No. 23773
  TX State Bar No. 00788934
  tsmith@gallowayjohnson.com
Adraon D. Greene
  Federal I.D. No. 25029
  TX State Bar No. 24014533
  agreene@gallowayjohnson.com
GALLOWAY, JOHNSON, TOMPKINS,
  BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700
(713) 599-0777

**ATTORNEYS FOR PLAINTIFF,
KINDER MORGAN, INC.**